**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DINA SARKISOVA,<br><br>                              Petitioner,<br><br>v.<br><br><br>KELLY A. MARTINEZ, et al.,<br><br>                              Respondents. | Case No.:  26-cv-3118-BJC-VET<br><br>**ORDER: (1) CONSTRUING PETITION AS FILED PURSUANT TO 28 U.S.C. § 2254; AND**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, an inmate confined at the Los Colinas Detention and Reentry Facility in Santee, California, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 & 2254 and paid the requisite filing fee. (ECF Nos. 1, 1-3.) Petitioner claims she has been unlawfully held in custody and challenges her "state criminal conviction, bench warrant and custody." (*See* ECF No. 1 at 2.)

**BASIS FOR PETITION**

Although Petitioner filed this action pursuant to both 28 U.S.C. §§ 2241 & 2254, she states she is in custody pursuant to a "state criminal conviction." *See* ECF No. 1 at 2. Thus, she may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. *See*

1

*White v. Lambert*, 370 F.3d 1002, 1006–07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Id*. at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). Accordingly, the Court CONSTRUES the petition as one filed pursuant to 28 U.S.C. § 2254.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

The Petition, however, must be dismissed for failure to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies, a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that she has raised her claims in the California Supreme Court. If Petitioner has raised her claims in the California Supreme

Court, she must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal

of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because she has not alleged exhaustion of state court remedies.

## CONCLUSION

For the reasons discussed above the Court **CONSTRUES** the Petition as brought pursuant to 28 U.S.C. § 2254 and **DISMISSES** the Petition without prejudice for failure to allege exhaustion of state judicial remedies. To have the case reopened, Petitioner must, no later than **June 30, 2026**, file an Amended Petition which adequately alleges exhaustion of state judicial remedies as to all claims raised in the Amended Petition.[1]

**IT IS SO ORDERED.**

Dated:  May 22, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[1] If exhaustion of state judicial remedies is not properly alleged in an Amended Complaint by June 30, 2026, the case will be dismissed without further leave to amend and Petitioner will have to start over by filing a new habeas petition in this Court upon completion of the exhaustion process. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

3:26-cv-3118-BJC-VET