**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

DINA SARKISOVA,
Petitioner,
v.
KELLY A. MARTINEZ, et al.,
Respondents.

Case No.: 3:26-cv-3118-BJC-VET

**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner is proceeding pro se with a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("FAP"). ECF No. 3. This Court previously dismissed Petitioner's original petition, with leave to amend, based on the failure to allege exhaustion of state judicial remedies. *See* ECF No. 2.

The FAP must also be dismissed for failure to allege exhaustion of state judicial remedies. As discussed in this Court's previous Order, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the

merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.

In her FAP, Petitioner states she has now raised her claims in a petition for writ of habeas corpus filed with the California Supreme Court on June 10, 2026, which was still pending at the time she filed the FAP. *See* ECF No. 3 at 26. And review of the docket in that case, S297273, indicates the petition remains pending before the California Supreme Court. *See* Case No. S297273 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (last visited Oct. 14, 2026).[1] Merely filing the petition is insufficient to satisfy the exhaustion requirement. The federal exhaustion doctrine rests on the policies of comity, federalism, and judicial efficiency. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987); *see Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). As such, federal courts generally do not consider a habeas corpus claim until the appropriate state courts have had a full opportunity to act upon the claim(s). *Rose v. Lundy*, 455 U.S. 509, 515 (1982). Petitioner must await the outcome of the state proceedings before the exhaustion requirement is satisfied. Principles of comity provide that this Court should not adjudicate Petitioner's claims until the California Supreme Court has had a full opportunity to review *and rule upon* her claims of federal constitutional error. *See id.* at 518–19.

A habeas petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rules Governing Section 2254 Cases, R. 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because she has not exhausted her state court remedies.

[1] The Court takes judicial notice of Petitioner's state habeas proceedings, including information available on the California Appellate Case Information Website. *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

**CONCLUSION**

Therefore, because it is clear Petitioner has not yet exhausted her state court remedies, the Court DISMISSES the case without prejudice to Petitioner reasserting her claims in a future habeas petition, after her state habeas proceedings have concluded and she has exhausted her state court remedies. Accordingly, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Honorable Benjamin J. Cheeks
United States District Judge